

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES M. SHIPMAN, an individual, )
JANET H. SHIPMAN, an individual, )
)
      Plaintiffs, )
)
vs. )   No. 06 C 235
)
CASE HANDYMAN SERVICES, L.L.C., )
a Maryland Limited Liability Company, )
MARK RICHARDSON, an Individual, )
and BRUCE CASE, an Individual, )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs entered into a franchise relationship with the corporate defendant (CHS). Defendant Richardson was president of CHS, and defendant Bruce Case was, apparently, its vice-president. CHS is in the business of providing and franchising professional home repair, remodeling and maintenance. The relationship went sour and plaintiff filed suit against defendants, alleging seven counts. Bruce Case moves to dismiss count I, an alleged violation of the Illinois Franchise Disclosure Act (IFDA). All three move to dismiss count II, alleging a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFDBPA), and count V, based on promissory estoppel. Plaintiffs agree that count V should be dismissed, and it is. Finally, CHS moves to dismiss count IV, the only defendant named in that count, to the extent it alleges negligent misrepresentation; it does not seek to dismiss the intentional misrepresentation claim in that count.

Bruce Case seeks to dismiss count I as to him, contending that his limited alleged involvement is insufficient to trigger liability under the IFDA, 815 ILCS 705/26. That section

reads as follows:

> Every person who directly or indirectly controls a person liable under this Section 26, every partner in a firm so liable, every principal executive officer or director of a corporation so liable, every person occupying a similar status or performing similar functions, and every employee of a person so liable, who materially aids in the act or transaction constituting the violation, is also liable jointly and severally with and to the same extent as such person, unless said person who otherwise is liable had no knowledge or reasonable basis to have knowledge of the facts, acts or transactions constituting the alleged violation.

Prior to 1987 there was no comma in the phrase "... every employee of a person so liable, who materially aids ...." Even so, Judge Aspen, in <u>To-Am Equipment Co., Inc. v. Mitsubishi Caterpillar Forklift America</u>, 913 F.Supp. 1148 (N.D.Ill. 1995), concluded that "who materially aids" applied to all categories, in large part because general law has always been that a corporate officer is liable only if he, with knowledge or recklessly without it, participates or assists in the fraud.

We do not know why the comma was added in 1987, and we agree with Judge Aspen that there has to be some degree of fault; it is not a "no fault" statute. We think, however, that the statute draws a distinction between control persons, who, because they are in a position to prevent a violation, are liable unless they "had no knowledge or reasonable basis to have knowledge of the facts, acts or transactions constituting the alleged violation," and employees of such persons, who are liable only if they materially aided in the act or transaction constituting the violation. We understand that Bruce Case is a corporate officer. We do not know what plaintiffs claim Case knew or should have known, but we do know that they claim he is liable for violation of §26. And that, for now, is enough. The motion to dismiss count I is denied.

The defendants move to dismiss count II, contending that it does not allege a nexus

between the alleged wrongdoing and consumer protection concerns sufficient for a claimed violation of the ICFDBPA. That motion is granted. Plaintiffs are not consumers in the sense that courts have come to interpret that term under the statute. Williams Electronics Games, Inc. v Garrity, 366 F.3d 569 (7th Cir. 2004); Speakers of Sport, Inc. v. ProServ, Inc., 178. F.3d 862 (7th Cir. 1999). The only case cited by plaintiffs does not address the issue.

Finally, defendants move to dismiss the negligent misrepresentation allegations in count IV, contending the claim is barred by the Moorman doctrine. The motion is denied. We need not, for now, determine whether the information supplied by a franchisor is a major part of its business or is merely ancillary to the sale of the franchise. Here plaintiffs contend that they do not rely upon contract as the source of CHS's duty; rather, they rely upon statutory obligations. That appears to make the negligent representation claims redundant – but it does take the claim out from under the Moorman doctrine. See Fireman's Fund Insurance Co. v. SEC Donohue, Inc., 223 Ill.Dec. 424, 679 N.E.2d 1197 (Ill.1997); Equity Builders and Contractors, Inc. v. Russell, 406 F.Supp.2d 882 (N.D.Ill. 2005).

                                                                         JAMES B. MORAN
                                                                       Senior Judge, U. S. District Court

July 6, 2004.